Jason A. Rindosh, Esq.
**BEDI RINDOSH**
1605 John Street, Suite 305
Fort Lee, NJ 07024
Tel: 201.775.4222
Fax: 201.777.3975
jrindosh@berilaw.com
Attorneys for Plaintiffs
David Cole, Robert Agard, and
Kahlil Mohammed

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID COLE, ROBERT AGARD, and KAHLIL MOHAMMED, | Civ. Action No.: |
| Plaintiffs, | |
| vs. | |
| CITY OF HACKENSACK, KEITH MARRANO, MOHAMMED SHEIKH, BERGEN COUNTY PROSECUTOR'S OFFICE, KARYN GWYNN, JOHN and JANE DOE(s) 1-10 (fictitious persons yet to be identified). | **COMPLAINT WITH JURY DEMAND** |
| Defendants. | |

The Plaintiffs David Cole, Robert Agard, and Kahlil Mohammed, by way of this Complaint, say and allege the following:

**INTRODUCTION**

1.   This is a civil action brought by Plaintiffs David Cole, Robert Agard, and Kahlil Mohammed (hereinafter "Plaintiffs") for civil rights violations arising under Title 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and the New Jersey

1

Civil Rights Statute, <u>N.J.S.A.</u> § 10:6-2, based on unlawful racial profiling during a motor vehicle stop, as well as violations of due process related to preservation of material evidence to the aforementioned racial profiling in violation of protections afforded under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Federal Constitution, as well as protections afforded under the New Jersey State Constitution.

## **PARTIES**

2.   Plaintiff DAVID COLE is a natural born person who at all relevant times was a resident of New York City, State of New York.

3.   Plaintiff ROBERT AGARD is a natural born person who at all relevant times was a resident of the Fort Myers, State of Florida.

4.   Plaintiff KAHLIL MOHAMMED is a natural born person who at all relevant times was a resident of New York City, State of New York.

5.   Defendant CITY OF HACKENSACK (hereinafter "Defendant City of Hackensack") is a municipality organized by virtue of and pursuant to New Jersey law.  Defendant City of Hackensack is sued to effect the full declaratory, injunctive relief, and damages demanded by the Plaintiffs.

6.   Defendant KEITH MARRANO (hereinafter "Defendant

Marrano") is an individual who at the times relevant and material to this complaint served as a member of City of Hackensack's police department. Defendant Marrano is sued individually to effect the full declaratory, injunctive relief and damages demanded by the Plaintiff.

7. Defendant MOHAMMED SHEIKH (hereinafter "Defendant Sheikh") is an individual who at the times relevant and material to this complaint served as a member of City of Hackensack's police department. Defendant Marrano is sued individually to effect the full declaratory, injunctive relief and damages demanded by the Plaintiff.

8. Defendant KARYN GWYNN (hereinafter "Defendant Gwynn") is an Assistant Prosecutor in the Bergen County Prosecutor's Office located in Bergen County, New Jersey. Defendant Gwynn is sued individually to effect the full declaratory, injunctive relief and damages demanded by the Plaintiff.

9. Defendant Bergen County Prosecutor's Office (hereinafter "Defendant BCPO") is located in Bergen County, New Jersey. Defendant BCPO is a county entity and a public employer. Defendant BCPO is sued to effect the full declaratory, injunctive relief and damages demanded by the Plaintiffs.

10. Defendant John/Jane Doe(s) 1-10 (hereinafter

"Defendant Doe(s)") are unknown police officers, supervisors, or other persons in the Hackensack police department or assistant prosecutor(s) of the Bergen County Prosecutor's Office who(m) were involved in the events that gave rise to Plaintiffs' claim for relief. Defendant Doe(s) are sued to effect the full declaratory, injunctive relief and damages demanded by the Plaintiff.

### JURISDICTION AND VENUE

11.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 for Plaintiff's claims under 42 U.S.C. §§ 1981, 1983, 1986, 1988, and the Federal Constitution.

12.  Jurisdiction is proper over Plaintiffs' pendent state claims, brought under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2, et seq., the New Jersey State Constitution, and the common law pursuant to 28 U.S.C. § 1367.

13.  The constitutional wrongs alleged in this Complaint occurred in the City of Hackensack and/or County of Bergen in the State of New Jersey.  Since these wrongs occurred in the District of New Jersey and, upon reasonable belief, all of the parties reside, govern, and/or operate within this district so venue in this Court is proper under 28 U.S.C. § 1391.

14.  This Court has the authority to award costs and fees under 42 U.S.C. § 1988, as well as under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2, et seq.

**FACTUAL BACKGROUND**

15.  Plaintiffs are African-American that are above average in their height and stature.

16.  On or about May 15, 2015, Plaintiffs were travelling in a motor vehicle, specifically a Ford Focus.

17.  Plaintiff Robert Agard was the driver of the vehicle.

18.  Defendant Sheikh and Defendant Marrano stopped Plaintiffs' vehicle when they allegedly observed the brake tail light was not functioning. Defendants were in an unmarked police vehicle at the time they made the decision to stop Plaintiffs' vehicle.

19.  Upon information and belief, Defendant Sheikh and Defendant Marrano were not assigned to traffic duty.

20.  Plaintiff's brake tail light was functioning properly, and the assertion the brake tail light was not functioning properly was not the reason for the stop.

21.  The broken brake tail light explanation as to why Defendants stopped Plaintiffs' vehicle was pretext designed to conceal, obfuscate, and/or mask the fact Defendants were

racial profiling Plaintiffs because they were three African-American males travelling in a motor vehicle.

22.   There was no dash cam provided to support the Defendant officers' purported observation that the brake tail light was inoperable.

23.   No photographs were taken of the subject vehicle to memorialize that the brake tail light was inoperable.

24.   Defendant Sheikh drafted a police report regarding the vehicle stop, but the report fails to describe the position or the circumstances he was in to be able to observe whether the brake tail light was operable or not as the brakes would need to be applied for this observation.

25.   All three rear tail brake lights of Plaintiffs' Ford Focus that were operable on the night in question.

26.   Even if one of the three brake tail lights were inoperable, this would not be a violation of New Jersey law because there would still be two operable rear brake lights on the vehicle.

27.   If Plaintiffs were not African-American males, Defendants would not have stopped the vehicle. Put another way, Plaintiffs were victims of racial profiling, a practice

referred to in complaints of victims of such practices as "DWB" or "Driving While Black."[1]

28.   Profiling is the practice of using stereotypes to select which motorists a police officer will stop, detain and search.

29.   There is no other reason Defendants claimed they stopped Plaintiffs' vehicle aside from Defendant Sheikh's assertion that the rear brake tail light on the driver's side was not functioning properly.

30.   Since the rear tail brake light was functioning properly, Defendant Sheikh did not perceive that the brake tail light was not functioning properly.  Instead, this reason was proposed to justify the stop as reasonable, and to mask the fact he was profiling Plaintiffs due the fact they were African American.

31.   During the course of the illegal pre-textual motor vehicle stop, and as a direct and proximate result of same, Defendants purportedly obtained consent from Plaintiff Agard to search the vehicle.   However, Plaintiff Agard was not

---

[1] The ACLU was receiving thousands of DWB complaints in 1999, and the ACLU has noted these pretextual stops occur most frequently in drug interdiction cases. See "Driving While Black: Racial Profiling on Nation's Highways – An American Civil Liberties Union Special Report", David A. Harris (June 1999) (available at https://www.aclu.org/report/driving-while-black-racial-profiling-our-nations-highways).

advised that he could say no or otherwise limit the search in contradiction to established New Jersey law.

32.  Defendants arrested and charged Plaintiffs with indictable offenses.

33.  Defendants impounded Plaintiffs' vehicle for further investigation, but no documentation or photographs of the vehicles condition at the time it was impounded were provided to Plaintiffs.

34.  Plaintiffs were indicted on grand jury indictment in the underlying criminal case on April 25, 2016, which was assigned indictment number of 16-04-404-I.

35.  Upon information and belief, the grand jury presentment included testimony from Defendants that the brake tail light of Plaintiffs' Ford Focus on May 15, 2015 was not functioning properly.

36.  Counsel for Plaintiffs in the underlying criminal case filed a motion to suppress the fruits of the Defendants illegal seizure and search of the motor vehicle, as well as a request to inspect the Ford Focus vehicle to ascertain the status of the brake tail light.

37.  Defendant Gwynn intentionally or in reckless disregard of Plaintiffs' constitutional rights represented to Plaintiffs' counsel in the underlying criminal case that the

Ford Focus had been sold at auction, and thus no inspection of the vehicle could be performed.

38.   Some   years   after   Plaintiffs   were   indicted, Defendant Gwynn was removed as assistant prosecutor from the case, and Gary Donatello, Esq. became the prosecutor in the underlying criminal case.

39.   Mr.   Donatello   initially   reiterated   Defendant Gwynn's position, viz. the Ford Focus could not be inspected because it was not accessible as sold at auction.   However, Mr. Donatello recanted his position and revealed the vehicle was in fact in the custody of the government and thus could be inspected.

40.   The vehicle was inspected in the presence of Plaintiffs' counsel in the underlying criminal case, as well as the prosecutor.   The battery was no longer working and needed to be jumped.   When the brakes were applied during the inspection after the battery was jumped, the rear brake tail light turned on for a duration before flickering off.

41.   Plaintiffs'   ability   to   assert   their   rights   in defense of the charges against them were hindered as a result of   Defendants'   conduct   including,   but   not   limited   to, Defendant   Gwynn   intentional   and/or   reckless   failure   to provide   timely   access   to   the   subject   vehicle   for   numerous years during which timeframe it was exposed to the elements.

42.   Upon information and belief, Defendant City of Hackensack has been investigated by the Bergen County Prosecutor's Office, Internal Affairs, and others with respect to allegations against the Hackensack police department that illegal searches and seizures and/or false reports were part of the pattern, practice, or otherwise normalized way of conducting the department's business.

43.   Upon information and belief, the bias of members of the Hackensack police department has resulted in investigations and disciplinary conduct against members of the department as a result of bias.

44.   Defendants individually believed they could racially profile African American motorists in the City of Hackensack, Bergen County without having a reasonable suspicion that a motor vehicle violation had been committed, and without fear of reprisal, because there was a custom or practice to deny equal protection to African American motorists vis-à-vis their Fourth Amendment right to be free from unreasonable searches or seizures.

45.   This policy, practice, and/or custom has caused officers to stop, search, and in some case, arrest African American motorists without probable cause on account of their race.

46.   The discriminatory stop of Plaintiffs' vehicle did not occur as an isolated incident, but was the product of overt and more subtle training, practices, customers and culture of the Hackensack police department.

47.   Upon information and belief, Defendant Gwynn's failure to provide access to the relevant vehicle was the result of a custom or practice of intentionally or recklessly hiding access to exculpatory evidence from criminal defendants to promote, facilitate, manipulate and/or increase the opportunity of convicting an indicted criminal defendant.

48.   Defendants maliciously, and with intent to injure Plaintiffs, conspired and agreed to engage in racial profiling

49.   As a direct and proximate result of the acts of Defendants, Plaintiffs suffered the following injuries:

  a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments of the Federal Constitution to be free from an unreasonable searches and seizures;

  b. Violation of their constitutional rights under Article 1, Section 7 of the New Jersey State Constitution to be free from an unreasonable searches and seizures;

  c. Loss of physical liberty;

  d. Fear of imminent peril;

  e. Damage to character and reputation;

  f. Severe and permanent loss and damage to his earnings, earning capacity and power.

50. At all relevant times, Defendants were acting under color of law as employees, agents, or servants of Bergen County and/or the City of Hackensack.

## COUNT I
### FOURTH AMENDMENT (UNREASONABLE SEARCHES AND SEIZURES/FALSE ARREST AND IMPRISONMENT)
### 42 U.S.C. § 1983

51. Any and all allegations contained in any other paragraph of this Complaint are incorporated by reference as if fully set forth herein.

52. Defendants, while acting under color of state law, stop Plaintiffs' vehicle without reasonable suspicion a motor vehicle violation had occurred.

53. Defendants, while acting under color of state law, maliciously accused Plaintiffs of indictable offenses despite not having probable cause.

54. Plaintiffs were arrested on May 15, 2015 with probable cause.

55. Defendants acted with the intention of confining Plaintiffs within fixed boundaries, and they directed actions

that resulted in Plaintiffs' confinement that they were aware of.

56.   Defendants, acting either individually or jointly, had a duty to afford Plaintiff equal protection, liberty and due process under the law.

57.   At all relevant times, Defendants failed to perform their duties and proceeded to arrest, detain and incarcerate Plaintiffs on charges based on false and illegitimate evidence.

58.   As a result of the foregoing, Plaintiffs' constitutional rights secured by the Federal Constitution were violated which proximately caused Plaintiffs to suffer great anxiety, humiliation, embarrassment, economic damages, and other related injuries in an amount of $999,995.

WHEREFORE, Plaintiff prays that this Court:

a. Enter judgment in favor of Plaintiff against Defendants;

b. Award compensatory, consequential, and punitive damages to Plaintiff in an amount of $999,995;

c. Award Plaintiff reasonable attorneys' fees and costs as permitted by any applicable provision or law;

d. Award Plaintiff prejudgment interest and post-judgment interest to the maximum extent permitted by law; and

e. Any other further relief as this Court deems just and proper.

## COUNT II
### MALICIOUS PROSECUTION
### 42 U.S.C. § 1983

59. Any and all allegations contained in any other paragraph of this Complaint are incorporated by reference as if fully set forth herein.

60. As a direct consequence of Defendants reports and allegations against Plaintiffs, criminal process was commenced against Plaintiffs with malice.

61. The charges are not based on probable cause because the stop and search of the subject vehicle was unconstitutional, including any fruits of the search.

62. Defendants' actions were taken under color of state law, and constitute a malicious prosecution of person in violation of Plaintiffs' rights.

63. Defendants are liable under the doctrine of *respondeat superior* for any and all actions of their police department staff, investigators, experts and/or Defendant Doe(s).

64. As a result of the foregoing malicious prosecution, Plaintiffs' constitutional rights secured by the Federal Constitution were violated which proximately caused Plaintiff

14

to suffer great anxiety, humiliation, embarrassment, economic damages, and other related injuries in an amount of $999,995.


## COUNT III
### BRADY VIOLATIONS/FABRICATION OF EVIDENCE
### 42 U.S.C. § 1983

65. Any and all allegations contained in any other paragraph of this Complaint are incorporated by reference as if fully set forth herein.

66. Defendants intentionally and/or with reckless disregard for Plaintiff's rights suppressed, refused to turnover, concealed, and/or misrepresented reports and the status of evidence in violation of Plaintiff's due process rights secured under the Fourteenth Amendment to the Federal Constitution.

67. As a result of the foregoing, Plaintiff's constitutional rights secured by the Federal Constitution were violated which proximately caused Plaintiff to suffer great anxiety, humiliation, embarrassment, economic damages, and other related injuries in an amount of $999,995.


## COUNT IV
### RACE DISCRIMINATION
### 42 U.S.C. § 1981

68. Any and all allegations contained in any other paragraph of this Complaint are incorporated by reference as

if fully set forth herein.

69.   Plaintiffs were subjected to unlawful discrimination described in this complaint because of their race and ethnic origin.

70.   Defendants acted under color of statute, regulation, custom, and usage of state, county, and/or local government within the meaning of 42 U.S.C. § 1981.

71.   As a result of the foregoing refusal to prevent, Plaintiffs' constitutional rights secured by the Federal Constitution were violated which proximately caused Plaintiff to suffer deprivations of their procedural and substantive due process rights secured under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Federal Constitution.


**COUNT V**
**REFUSAL TO PREVENT**

72.   Any and all allegations contained in any other paragraph of this Complaint are incorporated by reference as if fully set forth herein.

73.   Acting under color of law pursuant to a policy or custom, Defendants knowingly, intentionally, or in reckless disregard of Plaintiffs' rights, failed to train, instruct, supervise, control and discipline on a continuing basis police officers in their duties to refrain from:

a. Unlawfully and maliciously stopping, searching, and arresting persons as a result of racial profiling;

b. Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiffs by the Federal Constitution and New Jersey Constitution.

74. Defendants, acting individually or jointly, had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as alleged, were about to be committed.

75. Defendants had the power to prevent or aid in preventing the commission of said wrongs, and could have done so by reasonable diligence, but Defendants knowingly or in reckless disregard of Plaintiffs' rights refused to do so.

76. It was the policy and/or custom of Defendants to fail to exercise reasonable care in hiring its assistant prosecutors, including Defendant Doe(s), thereby failing to adequately prevent constitutional violations on the part of its assistant prosecutors.

77. It was the policy and/or custom of the Bergen County Prosecutor's Office to inadequately supervise and train its assistant prosecutors, including Defendant Doe(s), to comply with Brady obligations to turn over exculpatory evidence.

78. As a result of the foregoing refusal to prevent,

Plaintiffs' constitutional rights secured by the Federal Constitution were violated which proximately caused Plaintiff to suffer deprivations of their procedural and substantive due process rights secured under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Federal Constitution.

## COUNT VI
### CIVIL CONSPIRACY AND
### 42 U.S.C. § 1985

79. Any and all allegations contained in any other paragraph of this Complaint are incorporated by reference as if fully set forth herein.

80. Defendants and other unnamed co-conspirators maliciously, and with intent to injure, conspired and agreed between themselves to discriminate, and did in fact discriminate against Plaintiffs as described in the complaint.

81. In furtherance of this conspiracy, Defendants agreed to racially profile and discriminate against Plaintiffs.

82. As a result of the concerted unlawful and malicious conspiracy of Defendants, individually or jointly, through their employees, agents, or servants, deprived Plaintiffs of his liberty without equal protection, without due process of law, and in violation of his rights secured under the Federal

Constitution and New Jersey State Constitution.


### COUNT VII
### 42 U.S.C. § 1986

83.   Any and all allegations contained in any other paragraph of this Complaint are incorporated by reference as if fully set forth herein.

84.   Defendants, in their individual and official capacities, had knowledge of the violation of constitutional rights perpetuated upon Plaintiffs, but neglected and failed to prevent said wrongful and illegal acts when they had power to do so.

85.   As a proximate cause of these actions, or failures to act, Plaintiffs were damaged and suffered as a result of their deprivation of civil rights.


### COUNT VIII
### NEW JERSEY CIVIL RIGHTS ACTS
### N.J.S.A. 10:6-2

86.   Any and all allegations contained in any other paragraph of this Complaint are incorporated by reference as if fully set forth herein.

87.   At all relevant times, the conduct of Defendants was subject to the New Jersey Civil Rights Act.

88.   Plaintiff's incorporate each of the aforementioned

claims in any other count of the complaint, and re-allege them under the New Jersey Civil Rights Act.

89.   At all relevant times, Defendants, acting individually or jointly, by or through their employees or agents, interfered, or attempted to interfere, by threats, intimidation, or coercion, with the exercise and enjoyment by the Plaintiff of due process and other rights secured under the New Jersey Constitution.

90.   At all relevant times, Defendants acted under the color of State law.

91.   As a result of Defendants' violations, individually or jointly, through their employees, agents, or servants, deprived Plaintiffs of their liberty without equal protection, without due process of law, and in violation of their rights secured under the New Jersey State Constitution.

## RELIEF

WHEREFORE, Plaintiffs seek relief against the Defendants including, but not limited to:

a. An award of compensatory damages, treble and punitive damages which are allowed by statutes or as permitted by common law, as well as interest and costs of suit;

b. An award of reasonable attorneys' fees;

      c. Prejudgment interest and post-judgment interest to the maximum extent permitted by law; and

      e. Any other further relief as this Court deems just and proper.

DATED: May 6, 2019      s/Jason A. Rindosh
                         Jason A. Rindosh, Esq.
                         **BEDI RINDOSH**
                         1605 John Street, #305
                         Fort Lee, NJ 07024
                         Tel: 201.775.4222
                         Fax: 201.777.3975
                         JRindosh@berilaw.com
                         Attorneys for Plaintiffs


## JURY DEMAND

    Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Seventh Amendment of the Federal Constitution, Plaintiff hereby requests a trial by jury on all issues so triable.


DATED: May 6, 2019      s/Jason A. Rindosh
                         Jason A. Rindosh, Esq.


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

    I, Jason A. Rindosh, Esq., the undersigned attorney of record for Plaintiff do hereby certify to my own knowledge

and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any other jurisdiction or administrative proceeding, except the following:

The underlying criminal complaint is still pending: State of New Jersey v. David Cole, Robert Agard, and Kahlil Mohammed, Bergen County Superior Court, Criminal Part, Indictment No. 14-04-404-I.

DATED: May 6, 2019    s/Jason A. Rindosh
            Jason A. Rindosh, Esq.